UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1093 CEJ/TIA |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On August 10, 2007 the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely. Petitioner has responded to the Court's Order, and the matter is ripe for review.

In its Show Cause Order, the Court observed that petitioner's application for writ of habeas corpus appeared to have been filed outside the one-year statute of limitations, as the application was filed approximately fourteen (14) months after the date on which the Missouri Court of Appeals denied petitioner's Rule 29.15 post-conviction action. See 28 U.S.C. § 2244(d)(1). Accordingly, the Court ordered petitioner to demonstrate whether the limitations period should be tolled.

Petitioner asserts that the limitations period should be tolled as a result of the filing of a petition for writ of habeas corpus in Missouri State Court, pursuant to Mo.Ct.R. 91. It is unclear from the limited record before the Court exactly when petitioner filed his Rule 91 motion and on what grounds. Consequently, the Court is unable to ascertain, at this time, whether or not petitioner's Rule 91 motion suffices to toll the limitations period. As such, the Court will allow petitioner to proceed with his petition for writ of habeas corpus at this time so that the matter can be fully briefed by both he and respondent during the course of these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the following provisions shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

This case has been assigned to Track 4 (Administrative). Case Disposition is expected to occur within 24 months of the date the petition was filed.

This case has been randomly assigned to a United States Magistrate Judge. The parties shall have twenty (20) days from their entry of appearance to file their consent/option forms.

Respondent shall show cause, in writing and within forty-five (45) days of the date of this order, why the relief requested in the instant petition should not be granted.

In accordance with Rule 5(b) of the Rules Governing § 2254 Cases, Respondent's answer shall address the merits of the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

**IT IS FURTHER ORDER** that if Petitioner chooses to file a reply to Respondent's "Response to Order to Show Cause," he shall file such reply within sixty (60) days of the date the "Response to Order to Show Cause" is filed. If Petitioner fails to timely file his reply, the right to file such a reply shall be waived. <u>See</u> Rule 5(e) of the Rules Governing § 2254 Cases.

Dated this __21st__ Day of November, 2007.

                                            /s/ Terry I. Adelman
                                 UNITED STATES MAGISTRATE JUDGE