UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LLOYD WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV1093CEJ |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Lloyd Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response.

## Background

After a jury trial in the Circuit Court of Franklin County, Missouri, petitioner Lloyd Williams was found guilty of first degree assault and armed criminal action. The charges stemmed from an incident in which petitioner stabbed another man in the chest. Petitioner was thereafter sentenced as a prior offender to concurrent terms of twenty years imprisonment. The judgment was affirmed on appeal.[1] Resp. Exh. 7. Petitioner's motion for post-conviction relief under Mo.Sup.Ct.R. 29.15 was denied without an evidentiary hearing. That judgment was also affirmed on appeal. Resp. Exh. 11.

---

[1] The Missouri Court of Appeals corrected the judgment to reflect that petitioner was a prior offender as opposed to a persistent offender.

Petitioner's petition for a writ of habeas corpus pursuant to Mo.Sup.Ct.R. 91 was also unsuccessful. Resp. Exh. 1.

## Grounds for Relief

Petitioner presents the following grounds for relief in the instant petition:

**Claim 1**   Jury instruction #7 did not conform to MAI-CR3d 306.06 and its notes on use, which denied petitioner a fair trial as guaranteed by the United States Constitution

**Claim 2**   Trial counsel was ineffective for not requesting a lesser included offense instruction on second degree assault

**Claim 3**   The trial court committed plain error by failing *sua sponte* to instruct the jury on the lesser- included offense of second degree assault

**Claim 4**   The trial court denied petitioner a fair trial by failing *sua sponte* to interrupt the prosecutor's allegedly improper closing argument

## Timeliness Analysis

Respondent argues that the petition should be denied as untimely. The Court need not address this issue because petitioner's claims fail procedurally and on the merits.

## Procedural Default Analysis

Respondent argues that Claim One is procedurally barred because it was not raised on direct appeal. To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. Petitioner did not raise Claim One on direct appeal; therefore, he has defaulted on this claim. In cases where the state prisoner has defaulted on his federal claim in state court pursuant to independent and adequate state procedural rule, federal habeas review of claims is barred unless prisoner can demonstrate cause for default and actual prejudice as a result of alleged violation of federal law, or demonstrate that failure to consider claims will result in fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Here, petitioner has failed to demonstrate cause and prejudice for defaulting on Claim

One. As a result, this claim is procedurally barred, and petitioner is not entitled to habeas relief on this claim.

**Merits Analysis**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state

4

court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Claim Two**:

Petitioner argues in Claim Two that trial counsel was ineffective. Generally, in order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). When an ineffective assistance of counsel claim is presented in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

Petitioner contends that trial counsel was ineffective for not requesting a lesser-included offense instruction on second-degree assault. Petition at 5-E. Petitioner argues that a reasonably competent attorney would have requested a second-degree assault instruction because there was evidence at trial that would have allowed a jury

to determine that petitioner acted either recklessly or under the influence of sudden passion. Id. The Missouri Court of Appeals denied this claim and held that defense counsel employed a reasonable trial strategy by not asking for a lesser-included offense instruction. Resp. Exh. at 2-7. The court acknowledged counsel's attempt to gain jury sympathy and an acquittal by emphasizing the penalty----a life sentence---that could accompany a first degree assault charge. Id.

The Court agrees with the Missouri Court of Appeals' sound reasoning. Petitioner fails to show that counsel's strategy was deficient in a manner that prejudiced his defense. Strickland, 466 U.S. at 687, 694, 700. Additionally, petitioner's mere assertions have failed to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. As a result, petitioner is not entitled to habeas relief for Claim Two.

**Claim Three**:

Petitioner next challenges the trial court's failure, *sua sponte*, to submit to the jury an instruction on the lesser-included offense of assault in the second degree. In a § 2254 proceeding, the district court's review of alleged due process violations stemming from a state court conviction is narrow. Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987). Petitioner must show that the alleged improprieties were "so egregious that they fatally infected the proceedings and rendered the entire trial

fundamentally unfair." Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002) (*quoting* Moore v. Wyrick, 760 F.2d 884, 886 (8th Cir. 1985)).

The Missouri Court of Appeals held that counsel's omission of the lesser-included offense instruction was a reasonable trial strategy, not ineffective assistance. Further, the court relied on well-established Missouri law which provides that a defendant may not complain about the trial court's failure to give a lesser-included offense instruction when the defendant himself does not request that such an instruction be given. Resp. Exh. 7 at pp. 4-5. The Court finds that the Missouri Court Appeals' decision was a reasonable application of federal law. It cannot be said that the result left petitioner with a fundamentally unfair trial. Accordingly, petitioner's due process right was not violated and he is not entitled to habeas relief on Claim Three.

**Claim Four**:

Petitioner' final claim is that the trial court denied him a fair trial by not *sua sponte* interrupting the prosecutor's closing argument regarding petitioner's potential to commit future violent acts.

A court should grant habeas relief if the state's closing argument was "so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." Barnett v. Roper, 541 F.3d 804, 813 (8th Cir. 2008) (*quoting* James v. Bowersox, 187 F.3d 866, 868-890 (8th Cir. 1999)). The Missouri Court of

7

Appeals held that even if the prosecutor's closing statements were deemed improper, petitioner was not entitled to relief because he failed to demonstrate that the statements "had a decisive effect on the jury." Resp. Exh. 7 at p. 7. The Court agrees. It is reasonable to conclude that in the absence of the prosecutor's statement, the verdict would have been the same, as petitioner in this proceeding (as on direct appeal) does not challenge the sufficiency of the evidence to support his conviction. As a result, petitioner is not entitled to habeas relief on Claim Four.

**Conclusion**

For the reasons discussed above, the petition for habeas corpus relief will be denied. Additionally, the Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Lloyd G. Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 1st day of December, 2009.

                                                          CAROL E. JACKSON
                                                          UNITED STATES DISTRICT JUDGE