UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LLOYD WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1093 (CEJ) |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Lloyd Williams to reopen and reconsider his petition for a writ of habeas corpus.

On June 4, 2007, Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he asserted four grounds for relief. On December 1, 2009, the Court denied the petition, concluding that claims 2, 3 and 4 failed on the merits and that petitioner had procedurally defaulted claim 1 by failing to raise it on direct appeal. Petitioner now contends that the Court should reopen this case, based on the recent Supreme Court decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012).

In Martinez, the Supreme Court modified the rule of Coleman v. Thompson, 501 U.S. 722 (1991), that an attorney's errors in post-conviction proceedings do not qualify as cause for a procedural default. Under Martinez, "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. In his defaulted claim, Williams asserted that the jury instruction on self-defense was improper because it included "initial aggressor" language when there was no evidence

that he was the initial aggressor, and thus the instruction did not conform with MAI-CR 3d 306.06.[1]

The Court need not determine whether petitioner can cure his default under Martinez because the claim fails on its merits. The evidence at trial showed that, while driving on the highway at 3:00 in the morning, Williams began to tailgate another car and flashed it with his headlights.  He sped up to the side of the car and, at one point, bumped the back of the car, causing minor damage.  He then pulled into a gas station with the other car.  In the ensuing altercation with the occupants of the other car, defendant stabbed one of them in the chest.  (Resp. Ex. 7 at 1-3) Thus, contrary to Williams' assertion, there was sufficient evidence to support the trial court's inclusion of the "initial aggressor" language in the jury instruction.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of petitioner Lloyd Williams for reconsideration [Doc. #15] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2012.

---

[1] Jury Instruction 7 stated in relevant part: "A person can lawfully use force to protect himself against an unlawful attack.  However, an initial aggressor, that is, one who first attacks another, is not justified in using force to protect himself from the counter-attack which he provoked." This instruction was based on MAI-CR 3d 306.06. Note 4(a) provides that the initial aggressor language should be used "[i]f there is evidence the defendant was the initial aggressor," whereas, the initial aggressor language should not be used "[i]f there is no evidence indicating the defendant was the initial aggressor or provoked the incident. . ."